UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 06-23048 CIV LENARD / TORRES

ELI LILLY AND COMPANY individually and
f/u/b/o ELGO INSURANCE COMPANY LIMITED
individually and f/u/b/o
CERTAIN LONDON MARKET REINSURANCE
UNDERWRITERS,

        Plaintiffs,
vs.

AIR EXPRESS INTERNATIONAL USA, INC.
d/b/a DHL DANZAS AIR & OCEAN and
d/b/a DHL GLOBAL FORWARDING;

DANZAS CORPORATION d/b/a
DHL GLOBAL FORWARDING;

DEUTSCHE POST WORLD NET d/b/a
DHL DANZAS AIR & OCEAN and
d/b/a DHL GLOBAL FORWARDING;

DHL EXPRESS (USA), INC.,
f/k/a DHL WORLDWIDE EXPRESS (USA), INC.,
d/b/a DHL EXPRESS; and
LUFTHANSA CARGO AG,

        Defendants.
_____/

## LUFTHANSA CARGO AG'S ANSWER & AFFIRMATIVE DEFENSE

**COMES NOW**, the Defendant, LUFTHANSA CARGO AG, (hereinafter referred to as "LUFTHANSA") by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

1.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 1 of the Complaint concerning jurisdiction and the amount in controversy. All other allegations are admitted.

2.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 2 of the Complaint.

3.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 3 of the Complaint.

4.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 4 of the Complaint.

5.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 5 of the Complaint.

6.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 6 of the Complaint.

7.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 7 of the Complaint.

8.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 8 of the Complaint.

9.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 9 of the Complaint.

10.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 10 of the Complaint.

11.) Lufthansa denies information sufficient to form a belief as the truth of the allegations set forth in paragraph 11 of the Complaint.

12.) Lufthansa admits it is a foreign company doing business in Miami-Dade County, Florida. Lufthansa Cargo denies the remaining allegations set forth in paragraph 12 as such allegations call for legal conclusions. Lufthansa Cargo does admit that it contracted to act as an air carrier under the Montreal Convention and/or subject to the terms of it's master airway bills.

13.) Lufthansa admits the allegations set forth in paragraph 13 of the Complaint.

14.) Lufthansa denies knowledge information sufficient to form a belief concerning the allegations set forth in paragraph 14 of the Complaint

15.) Lufthansa denies knowledge information sufficient to form a belief concerning the allegations set forth in paragraph 15 of the Complaint

16.) Lufthansa denies knowledge information sufficient to form a belief concerning the allegations set forth in paragraph 16 of the Complaint.

17.) Lufthansa admits that it was engaged to provide air carriage pursuant to the terms of it's own airway bill and governing international treaties such as the Montréal Convention. Lufthansa can neither admit or deny the remaining allegation of paragraph 17 in that the allegations call for legal conclusions. Further the full copies (with reverse sides) of the airway bill are not attached to the complaint and such Lufthansa can neither admit or deny the remaining allegations of paragraph 17 of the Complaint.

18.) Lufthansa denies the allegations set forth in paragraph 18 as directed to Lufthansa. Lufthansa denies knowledge or information sufficient form a belief as to the other defendants.

19.) Lufthansa denies the allegations set forth in paragraph 19 as directed to Lufthansa. Lufthansa denies knowledge or information sufficient form a belief as to the other defendants.

## COUNT I

Lufthansa repeats and alleges each and every response as set forth in the paragraphs 1-19 above

20.) Lufthansa denies knowledge or information sufficient to from a belief as to the allegations set forth in paragraph 20

21.) Lufthansa denies knowledge or information sufficient to from a belief as to the allegations set forth in paragraph 21

22.) Lufthansa denies knowledge or information sufficient to from a belief as to the allegations set forth in paragraph 22.

## COUNT II

Lufthansa repeats and alleges each and every response as set forth in the paragraphs 1-19 above

23.) Lufthansa denies knowledge or information sufficient to from a belief as to the allegations set forth in paragraph 23.

24.) Lufthansa denies knowledge or information sufficient to from a belief as to the allegations set forth in paragraph 24.

25.) Lufthansa denies knowledge or information sufficient to from a belief as to the allegations set forth in paragraph 25.

## COUNT III

Lufthansa repeats and alleges each and every response as set forth in the paragraphs 1 – 19 above

26.) Lufthansa denies the allegations set forth in paragraph 26.

27.) Lufthansa denies the allegations set forth in paragraph 27.

28.) Lufthansa denies the allegations set forth in paragraph 28.

29.) Lufthansa denies the allegations set forth in paragraph 29.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Complaint fails to state a cause of action.

*Second Affirmative Defense*

The damages of which Plaintiff complains arose in connection with "international transportation" within the meaning of the Convention for the Unification of Certain Rules relating to International Transportation by Air and Additional Protocol concluded at Warsaw on October 12, 1929, (hereinafter referred to as the "Warsaw Convention") and that the rights of the parties are subject exclusively to the provisions of said Warsaw Convention. 49 Stat. 3000 (1934) T.S. No. 876; 49 U.S.C. Section 40105, and or any amendments thereto, including but not limited to the Montreal Protocol Number 4 and the Hague Protocol.

*Third Affirmative Defense*

Plaintiff has failed to perform the conditions precedent necessary for the maintenance of this action.

*Fourth Affirmative Defense*

Plaintiff's state law claims, if any, are preempted by the federal common law. 49 U.S.C. § 41713.

*Fifth Affirmative Defense*

The occurrence and damages, if any, sustained by Plaintiff, resulted wholly and solely from the fault, neglect and want of care of Plaintiff or persons and parties other than Defendant, LUFTHANSA, for whose acts said LUFTHANSA is not liable or responsible, and was not the result of any negligence, breach of contract, fault of want of care on the part of LUFTHANSA who, faithfully discharged all of its duties.

### Sixth Affirmative Defense

Plaintiff failed to mitigate or minimize its damages, if any, in that Plaintiff failed to properly maintain, control, inspect or otherwise conduct their activities and otherwise failed to take adequate measures to minimize their damages.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the equitable principles of waiver, estoppel, and latches.

### Eighth Affirmative Defense

At all times material hereto, LUFTHANSA acted upon specific instructions and directions of Plaintiff and / or its agents only pursuant to said instructions. Thus, by so instructing LUFTHANSA, Plaintiff is now estopped and precluded from claiming LUFTHANSA should have rendered services other than those specifically requested and contracted for. Such estoppel and preclusion specifically includes the claims as alleged in the Complaint for Damages.

### Ninth Affirmative Defense

Any loss or damage as alleged from acts or omissions of agents of Plaintiff for which LUFTHANSA has no liability.

### Tenth Affirmative Defense

Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and / or the actions are barred by applicable statute of limitations.

### Eleventh Affirmative Defense

Plaintiffs are not real parties in interest with regard to the shipment in suit and as such lack standing to maintain this action against LUFTHANSA.

*Twelfth Affirmative Defense*

If the good(s) were damaged as alleged in the Complaint, which LUFTHANSA expressly denies, the damage was caused by or due to insufficiency of packaging, or inadequacy of marks for which LUFTHANSA is not liable pursuant to the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents or transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions, and / or treaties.

*Thirteenth Affirmative Defense*

Plaintiffs failed to give a timely written and properly documented notice of loss and / or damages pursuant to the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties.

*Fourteenth Affirmative Defense*

LUFTHANSA is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties.

*Fifteenth Affirmative Defense*

The maximum liability of LUFTHANSA, if any, is specifically limited as agreed to in the provisions of the airway bill(s), tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and / or treaties.

in time.

*Seventeenth Affirmative Defense*

This action should be dismissed for improper venue and under the doctrine of forum non conveniens.

*Eighteenth Affirmative Defense*

To the extent that LUFTHANSA is found liable, which liability is expressly denied, LUFTHANSA'S liability cannot exceed the shipper's declared value for carriage as stated in the applicable airway bill(s) tariffs, contracts of affreightment, and / or other documents of transport issued for carriage of the shipment and, in the absence of such a declaration, LUFTHANSA'S liability cannot exceed 17 SDR's per kilo, or its equivalent per kilogram of goods destroyed, lost, damaged, and / or confiscated.

*Nineteenth Affirmative Defense*

The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Convention for the Unification of Certain Rules Relating to International Carriage By Air Done at Montreal on May 29, 1999, as amended, and / or other legislation pertinent to this carriage. If any loss and / or damage resulted to the goods, which is denied, it was due to a cause of causes for which defendant is not liable by virtue of said legislation pertinent to this carriage. LUFTHANSA, therefore, claims exemption from, and / or the limitation of liability in accordance with the terms and conditions of said convention.

*Twentieth Affirmative Defense*

Plaintiffs denied LUFTHANSA the opportunity to obtain meaningful and relevant information pertaining to the alleged condition and value of the goods by destroying evidence, allowing relevant evidence to be disposed, and / or by otherwise preventing LUFTHANSA timely and full access to such evidence with actions and / or inactions should properly result in a finding of spoliation barring the Plaintiffs from prosecuting their claims.

*Twenty-first Affirmative Defense*

LUFTHANSA preserves the right to plead foreign law depending on discovery which has not yet occurred.

WHEREFORE, LUFTHANSA, respectfully requests that this Court dismiss the Complaint in all respects, and award its reasonable costs and attorney fees, and such other and further relief as may be just, proper and equitable.

CERTIFICATE OF SERVICE

Respectfully submitted,

**HYMAN SPECTOR & MARS, LLP**
*ATTORNEY FOR LUFTHANSA CARGO*
Suite 2701, Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone (305) 371-4244
Facsimile (305) 371-5930

/s/ Andrew R. Spector
ANDREW R. SPECTOR, ESQ.
Florida Bar No.: 63409

F:\WP51\FILES\ARS\Lufthansa\Eli Lilly v. Lufthansa\PLEADINGS\Answer and Affirmative Defense (2) 1.22.07.doc